IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **CHARLES EDWARD SCOTT,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:22-cv-00553-O-BP |
| | § | |
| **THE PEOPLE OF THE CITY OF** | § | |
| **FORT WORTH,** | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

*Pro se* Plaintiff Charles Scott sued "the People of the City of Fort Worth" on June 28, 2022. ECF No. 1. He filed a Motion for Leave to Proceed *In Forma Pauperis* that same day. ECF No. 2. United States District Judge Reed O'Connor referred Scott's case to the undersigned under 28 U.S.C. § 636. ECF No. 3. Because Scott filed a blank, unsigned *In Forma Pauperis* Application, the Court ordered him to sign and submit a fully complete Application on or before July 14, 2022. ECF No. 7. He did not. Accordingly, the undersigned **RECOMMENDS** that Judge O'Connor **DISMISS** this action **without prejudice** under Federal Rule of Civil Procedure 41(b).

**I.   LEGAL STANDARDS**

District courts may dismiss an action *sua sponte* for failure to prosecute or follow court orders. *See* Fed. R. Civ. P. 41(b). This power flows from the Court's inherent docket-management authority. *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)). Rule 41(b) dismissals may be with or without prejudice. *Long v. Simmons*, 77 F.3d 878, 880 (5th Cir. 1996). But dismissals with prejudice for want of prosecution are considered "an extreme sanction." *Id.* Thus, the Court should employ such

dismissals only where a litigant's acts or omissions are "the result of purposeful delay or contumaciousness and the record reflects that the district court employed lesser sanctions before dismissing the action [with prejudice]." *Id.*

## II.  ANALYSIS

Because Scott neither signed nor completed the *In Forma Pauperis* Application he submitted to the Court, the Court ordered him to either pay the relevant filing and administrative fees "or fully complete all sections of the long-form application to proceed in forma pauperis **on or before July 14, 2022**." ECF No. 7 at 2. Scott did not comply, despite the Order's warning that noncompliance "**could result in a recommendation that this case be dismissed**." *See id.* (citing Fed. R. Civ. P. 41(b)). Consequently, his case should be dismissed for failure to prosecute or obey court orders. *See* Fed. R. Civ. P. 41(b).

Subsequent docket entries reflect Scott never received the Court's June 30 Order and Notice of Deficiency. *See* ECF No. 8 (indicating the Order was mailed to Scott's last known address of record but was returned as undeliverable). The Court's standard "Instructions to a Non-Prisoner *Pro Se* Plaintiff" cautioned Scott that "[y]ou must notify the Court if your address changes, or your case maybe dismissed." ECF No. 4 at 1. Because he failed to keep a reliable address on file with the Court, the Court lacks any means of communicating with him regarding his case. While it is regrettable that his case must be dismissed without his receiving the Order and Notice of Deficiency, courts routinely dismiss cases in such circumstances under Rule 41(b). *See, e.g.*, *Johnson v. FNU LNU*, No. 3:21-cv-01696-L (BT), 2021 WL 4312638, at *1 (N.D. Tex. Aug. 12, 2021), *rec. adopted*, 2021 WL 4310587 (N.D. Tex. Sep. 22, 2021); *Perry v. Raglin*, No. 3:21-cv-01218-N (BT), 2021 WL 3025103, at *1 (N.D. Tex. June 16, 2021), *rec. adopted*, 2021 WL 3022948 (N.D. Tex. July 16, 2021). The Court's dismissal powers under Rule 41(b) stem from its

broad docket-management authority. *Boudwin*, 756 F.2d at 401. Because the instant circumstances directly impact the Court's docket management, dismissal here is precisely what Rule 41(b) contemplates. *Id.*

While Scott's case may be dismissed with or without prejudice under Rule 41(b), dismissal with prejudice would be an "extreme sanction." *Long*, 77 F.3d at 880. The Court should not employ such an extreme sanction here. First, Scott's delay primarily stems from the fact that he never received the Court's June 30 Order and Notice of Deficiency. *See* ECF Nos. 7-8. This is a far cry from the "purposeful delay or contumaciousness" that typically warrants dismissal with prejudice. *See Long*, 77 F.3d at 880. Further, the record does not reflect the imposition of a lesser sanction in this action, such as dismissal without prejudice. Thus, Judge O'Connor should dismiss Scott's case without prejudice.

### III. CONCLUSION

Scott failed to comply with prior court orders despite being warned noncompliance could lead to a recommendation that his case be dismissed without further warning. But his noncompliance does not appear to stem from purposeful delay or contumaciousness and the Court has not employed any lesser sanctions in this case. For these reasons, the undersigned **RECOMMENDS** that Judge O'Connor **DISMISS** this case **without prejudice** under Federal Rule of Civil Procedure 41(b) for failure to prosecute or comply with court orders.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). To be specific, an objection must identify the particular finding or recommendation to which objection is made, state the basis for

the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

**SIGNED** on July 29, 2022.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE